**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: _____

ZURICH AMERICAN INSURANCE
COMPANY,

Plaintiff,

v.

LEGACY TOWER MWC, LLC,  ROYAL
PALM COMPANIES, LLC, LEGACY
TOWER MWC BK LLC, LEGACY TOWER
DEV RPC, LLC, LEGACY TOWER MWC
MEZZ, LLC, LEGACY TOWER
PREFERRED, LLC,
DANIEL KODSI, and DOES 1 to 10,
inclusive,

Defendants.

## COMPLAINT FOR DAMAGES

Plaintiff ZURICH AMERICAN INSURANCE COMPANY ("Plaintiff" or "Zurich") brings

this action against Defendants LEGACY TOWER MWC, LLC, ROYAL PALM COMPANIES,

LLC, LEGACY TOWER MWC BK LLC, LEGACY TOWER DEV RPC, LLC, LEGACY

TOWER MWC MEZZ, LLC, LEGACY TOWER PREFERRED, LLC, DANIEL KODSI, and

DOES 1 to 10 (collectively "Defendants" or "Legacy Tower"), and alleges as follows:

### THE PARTIES AND JURISDICTION

1.      Plaintiff Zurich is a New York corporation engaged in the insurance business with

a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New

York 10006, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois

60196.  Zurich is authorized to transact business and has transacted business in California.

2.      Plaintiff is informed and believes and based on such information and belief alleges

that Defendant Legacy Tower MWC, LLC is a Delaware limited liability company with its principal

1

place of business located at 333 SE 2nd Avenue, Suite 3000, Miami, FL 33131.  Legacy Tower MWC, LLC is authorized to transact business and is transacting business in the county of Dade in the state of Florida.

3. Plaintiff is informed and believes and based on such information and belief alleges that Defendant Royal Palm Companies, LLC is a South Dakota limited liability company with its principal place of business located at 333 SE 2nd Avenue, Suite 3000, Miami, FL 33131.  Royal Palm Companies, LLC is authorized to transact business and is transacting business in the county of Dade in the state of Florida.

4. Plaintiff is informed and believes and based on such information and belief alleges that Defendant Legacy Tower MWC BK LLC is a Florida limited liability company with its principal place of business located at 333 SE 2nd Avenue, Suite 3000, Miami, FL 33131.  Legacy Tower MWC BK LLC is authorized to transact business and is transacting business in the county of Dade in the state of Florida.

5. Plaintiff is informed and believes and based on such information and belief alleges that Defendant Legacy Tower Dev RPC, LLC is a Delaware limited liability company with its principal place of business located at 333 SE 2nd Avenue, Suite 3000, Miami, FL 33131.  Legacy Tower Dev RPC, LLC is authorized to transact business and is transacting business in the county of Dade in the state of Florida.

6. Plaintiff is informed and believes and based on such information and belief alleges that Defendant Legacy Tower Dev MWC Mezz, LLC is a Delaware limited liability company with its principal place of business located at 333 SE 2nd Avenue, Suite 3000, Miami, FL 33131.  Legacy Tower MWC Mezz, LLC is authorized to transact business and is transacting business in the county of Dade in the state of Florida.

COMPLAINT FOR DAMAGES

7.       Plaintiff is informed and believes and based on such information and belief alleges that Defendant Legacy Tower Preferred, LLC is a Delaware limited liability company with its principal place of business located at 333 SE 2nd Avenue, Suite 3000, Miami, FL 33131.  Legacy Tower Preferred, LLC is authorized to transact business and is transacting business in the county of Dade in the state of Florida.

8.       Plaintiff is informed and believes and based on such information and belief alleges that Defendant Daniel Kodsi is an individual with its principal place of residence and place of business at 1010 NE 2nd Avenue, Suiter 3000, Miami, FL 33132.  Mr. Kodsi's primary residence and place of business is in the county of Dade in the state of Florida.

9.       The amount at issue in this case is over $75,000.00.

10.       This matter is subject to the Federal District Court's jurisdiction based on the diversity of the parties and the amount at issue pursuant to 28 U.S.C. § 1332.

11.       Defendants DOES 1 to 10, inclusive, are the fictitious names of those Defendants whose true names are unknown to Plaintiff, and whose true capacities, whether as individuals, corporations, partnerships, joint venturers and/or associations, are also unknown to Plaintiff, and when such true names are ascertained, Plaintiff will amend this complaint by inserting said true names in the place of said fictitious names in accordance with the Federal Rules of Civil Procedure. Plaintiff is informed and believes and thereon alleges that, whenever and wherever in this complaint all Defendants are the subject of the charging allegations by Plaintiff, said Does are also responsible in some manner for the events and happenings and it shall be deemed that said Defendants, DOES 1 to 10, inclusive, and each of them, are likewise the subject of said charging allegations herein by Plaintiff.

COMPLAINT FOR DAMAGES

12.     At all times herein mentioned, Defendants, and each of them, were the agents, servants, and employees of each of the other Defendants herein, and at the same time and place of the events hereinafter described, were acting within the course and scope of said agency and employment with the permission and consent of the other Defendants and each of them.  All do business and store records in the same location, the entities are all undercapitalized and share owners, employees, officers, members and directors.  All of the entities are a mere legal fiction designed to protect Mr. Kodsi from personal liability.  Defendants are, and each of them is, the alter ego of the other Defendants, and Defendants are essentially the extension of each other.

## GENERAL ALLEGATIONS

13.     At Defendants' request, Commercial Inland Marine policy no. IM 6846584-00 with included Builder's Risk coverage was issued by Zurich for the policy period December 31, 2021 to March 1, 2025 ("Agreement").

14.     On March 1, 2025, an endorsement to the Agreement extended the policy period until December 31, 2027.  The premium owed to Zurich for its portion of the underwriting of the policy endorsement/extension was $2,058,612.00.

15.     Defendants did not pay the premium of $2,058,612.00 for the endorsement extending the policy period, and the policy was cancelled in August 2025.

16.     Per the Agreement terms, Zurich conducted an audit to calculate the Earned Premium which is $288,205.68, and a demand for payment was made for that amount with a due date of October 15, 2025.

17.     Despite follow up efforts, Defendants did not pay the Earned Premium of $288,205.68.

18.     On or about November 14, 2025, Zurich issued a Statement of Account and

4

reiterated demand for payment of the Earned Premium of $288,205.68, plus interest, but no payment was made by Defendants.

19.     To date, Defendants have not paid to Zurich, in whole or in part, the premium totaling $288,205.68 that is owed per the Agreement.

## FIRST CAUSE OF ACTION
(Breach of Contract for Damages Against All Defendants)

20.     Zurich incorporates by reference each and every allegation contained in paragraphs 1 through 19 above, as though fully set forth herein.

21.     At Defendants' request, Zurich issued the insurance policy and endorsement set forth in the Agreement.

22.     Zurich fulfilled its contractual obligations to Defendants by providing the insurance coverages set forth in the Agreement.

23.     Defendants did not pay the premium of $2,058,612.00 owed for the endorsement to the Agreement extending the policy period to December 31, 2027, and so the policy was cancelled in August 2025.

24.     Zurich calculated the Earned Premium for the time the policy extension was in effect and issued an invoice and demand for payment for that premium totaling $288,205.68 with a due date for payment of October 15, 2025.  No payment was made by Defendants for the premium owed.

25.     On or about November 14, 2025, Zurich issued a Statement of Account and demand for payment of the outstanding premium owed for the Agreement totaling $288,205.68, plus interest, but no payment has been made.

26.     Despite follow up efforts, to date Zurich has not received payment, in whole or in part, from Defendants for the premium outstanding and owed for the Agreement, totaling

$288,205.68.

27.     Defendants materially breached the Agreement by failing to pay Zurich the outstanding premium owed totaling $288,205.68.

28.     Defendants continue to be in breach of the Agreement by failing to pay Zurich the outstanding premium owed totaling $288,205.68.

29.     Zurich did not waive or otherwise excuse Defendants' obligations pursuant to the Agreement to pay Zurich the outstanding premium owed totaling $288,205.68.

30.     As a direct and proximate result of Defendants' breaches of their obligations pursuant to the Agreement, Zurich has been damaged in the amount of $288,205.68 for the billed but unpaid premium.

31.     Zurich seeks and is entitled to obtain a judgment for damages according to proof, plus daily pre-judgment interest calculated at the applicable statutory rate, costs of suit, and such other and further relief as the court deems proper.

**WHEREFORE**, Zurich prays for judgment in its favor and against Defendants as follows:

1.     For damages according to proof at trial.

2.     For an award of daily pre-judgment interest.

3.     For costs of suit.

4.     For a judgment/order requiring specific performance.

5.     For such other and further relief as the court may deem proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

COMPLAINT FOR DAMAGES

Dated: March 12, 2026

/s/ Lincoln V. Horton

Lincoln V. Horton
(*Pro Hac Vice Admission Pending*)
CBN 165238
lhorton@hortonvillagelaw.com
HORTON VILLAGE LAW GROUP, APC
16236 San Dieguito Road, Suite 5-24
P.O. Box 9181
Rancho Santa Fe, CA 92067
(858) 832-8685

Attorneys for Plaintiff Zurich American Insurance Company

**REINER & REINER, P.A.**
*Local Counsel for Zurich American Insurance Company*
9100 South Dadeland Boulevard, Suite 901
Miami, Florida   33156-7815
Phone: (305) 670-8282; Facsimile: (305) 670-8989
*dpr@reinerslaw.com; eservice@reinerslaw.com*

By: _____
**DAVID P. REINER, II**; FBN 416400

COMPLAINT FOR DAMAGES